**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MARCUS E. JESSOP,**<br><br>**Defendant.** | **9:26-po-05053**<br>**9:26-po-05054**<br>**9:26-po-05055**<br><br>**ORDER** |

On August 14, 2026, Defendant Marcus E. Jessop filed an unopposed motion for a competency hearing. (Doc. 10). The motion was supported by a psychological evaluation prepared by Dr. Michael Scolatti, a licensed clinical psychologist who performed a psychological evaluation of Mr. Jessop for the purpose of determining adjudicative competency and criminal responsibility. (Doc. 11, filed under seal). In his evaluation, Dr. Scolatti concluded Mr. Jessop demonstrated an impaired ability to assist in his defense due to mental illness.

On August 19, 2026, the Court held a hearing on Mr. Jessop's motion. Mr. Jessop called Heather Leichner and Dr. Scolatti as witnesses. Ms. Leichner, who is an investigator for the Federal Defenders of Montana, testified that she met with

Mr. Jessop twice at the Missoula County Detention Facility and had significant difficulties communicating with him about issues relating to his defense. She testified that Mr. Jessop had extreme distrust of the system that manifested in conspiracy theories relating back to past court experiences, that his conversations were very difficult to track and that she was unable to connect with him to meaningfully prepare him for trial. On cross-examination, Ms. Leichner conceded that other defendants she had worked with had similar opinions or thoughts about the legal system, but she contended that his descriptions of being stalked and targeted by the court and law enforcement were more extreme than she had encountered.

Dr. Scolatti also testified consistent with his evaluation of Mr. Jessop. Although Dr. Scolatti agreed that there were aspects of his mental status that were intact (orientation to person, place and time; coherent thoughts and intact memory), he also noted that Mr. Jessop suffers from delusion disorder, which renders him unable to cooperate with his attorney in his own defense. Dr. Scolatti testified that Ms. Leichner's difficulty in communicating and connecting with Mr. Jessop was consistent with his own experiences with Mr. Jessop. In his report, Dr. Scolatti noted that Mr. Jessop did not believe he was lawfully arrested and that he is a

"living man" not subject to the law. He also noted that Mr. Jessop would not be able to testify relevantly and be cross-examined because of his delusions.

On cross-examination, Dr. Scolatti agreed that Mr. Jessop understood the role of the attorneys and the court, though he did not believe he was subject to the jurisdiction of the court, and that he was able to recall facts relevant to the conduct giving rise to the violations he faces. However, Dr. Scolatti maintained that because of his delusions, Mr. Jessop would not be able to cooperate with his attorney and that his ability to assist in his defense, including preparation for trial, would be significantly impaired.

Under 18 U.S.C. § 4241, the Court shall grant a motion for a competency hearing if there is reason to believe the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences against him or to assist properly in his defense." After such a hearing is held, if the Court determines by a preponderance of the evidence that the defendant is indeed suffering from such a mental disease or defect, it "shall commit the defendant to the custody of the Attorney General" for hospitalization and treatment at a suitable facility "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit this case to go forward." 18 U.S.C. § 4241(d),

Based on the testimony of Ms. Leichner and the testimony and report of Dr. Scolatti, as well as the Court's own interactions with Mr. Jessop on the date of his initial appearance of the above-captioned violations, a preponderance of the evidence supports the conclusion that Mr. Jessop is presently suffering from a mental disease or defect that renders him unable to properly assist in his defense. Accordingly,

IT IS HEREBY ORDERED that Marcus E. Jessop is committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility to determine if there is a substantial probability that in the foreseeable future he will attain the capacity to permit this case to go forward. Mr. Jessop is committed for this purpose for a reasonable time period, not to exceed four months. The United States Marshal shall transport Mr. Jessop to the designated facility within ten (10) days of designation, and the Attorney General or his representative at the facility to which Mr. Jessop is committed shall promptly notify the Court of the determination made regarding the probability that Mr. Jessop will regain capacity to proceed in the foreseeable future.

IT IS FURTHER ORDERED that once a facility has been designated, the Clerk of Court is directed to provide the facility with a copy of this order as well as the sealed report of Dr. Scolatti (Doc. 11).

IT IS FURTHER ORDERED that all proceedings in the above-captioned violation cases are stayed pending the outcome of Mr. Jessop's competency restoration proceeding.

Dated this 19th day of August, 2026.

KATHLEEN L. DESOTO
United States Magistrate Judge